UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALBERT KENT | : Civil Action No. 05-1390 |
| | : |
| | Hon. Jose L. Linares, U.S.D.J. |
| Plaintiff(s), | : |
| vs. | : **REPORT, RECOMMENDATION &** |
| | **ORDER** |
| UNITED STATES POST OFFICE, et al, | : |
| Defendant(s). | : |

## INTRODUCTION

_____This matter comes before me on the motion of defendants United States Postal Service and Postmaster General John Potter ("Postal Service"), to dismiss the Complaint of plaintiff Albert Kent for failure to state a claim under Rule 12(b)(6). Kent opposes the motion and cross-moves to amend to include additional documents asserting a jurisdictional basis for his claims. I have considered the papers submitted in support of and in opposition to the motion. There was no oral argument. Rule 78.

## BACKGROUND

Kent filed his Complaint against the Postal Service alleging discrimination based on his disability. To his Complaint he attached a Roselle Borough Police Report of November 6, 2003, a Disability Certificate prepared by Dr. E. Hernandez on November 9, 2003, and a letter of Ventura Velez from the Dispute Resolution Department of the Postal Service. On May 18, 2005, I granted Kent's motion to amend with documents labeled AA through JJ. These comprise the record of the dispute between Kent and the Postal Service before the Equal Employment Opportunity Commission ("EEOC").

On August 17, 2005, the Postal Service moved to dismiss on substantive and procedural grounds, arguing that the Complaint failed to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) and failed to comply with the pleading requirements of Rule 8(a). In opposition, Kent supplied the Court with a two-page document setting forth a jurisdictional basis and further clarifying his claims against the Postal Service, stating "Plaintiff Albert Kent filed timely Complaint with the EEO of the United States Post Office after being in auto accident, while in pain was forced to report to work and then terminated."

## ANALYSIS

## II. The Postal Service's Motion to Dismiss

Rule 12(b)(6) allows a party to move to dismiss based upon the pleader's "failure to state a claim upon which relief can be granted." Courts disfavor Rule 12(b)(6) motions because the long-established policy of the federal rules is to decide cases on their merits. Caldwell Trucking PRP Group v. Spaulding Composites, Co., Inc., 890 F. Supp. 1247, 1252 (D.N.J. 1995); Panek v. Bogucz, 718 F. Supp. 1228, 1229 (D.N.J. 1989).

In deciding Rule 12(b)(6) motion to dismiss for failure to state a claim, the court accepts as true all allegations and draws all reasonable inferences in the light most favorable to the plaintiff. Weston v. Pennsylvania, 251 F.3d 420, 425 (3d Cir. 2001). Rule 12(b)(6) does not permit "dismissals based on a judge's disbelief of a complaint's factual allegations," Neitzke v. Williams, 490 U.S. 319, 327 (1989), but a court should reject legal conclusions presented in the form of factual allegations. Bright v. Westmoreland County, 380 F.3d 729, 745 (3d Cir. 2004). Accepting the facts in the pleadings as true and giving these all reasonable inferences, a court may only dismiss under Rule 12(b)(6), "[i]f as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Neitzke, 490 U.S. at 327 (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1957)). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheur v. Rhodes, 416 U.S. 232, 236 (1974).

As for the sufficiency of the pleadings, Fed. R. Civ. P. 8(a)(2) controls. The rule requires a "short and plain statement of the claim that gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests." Rule 8(a)(2); See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). A disability discrimination plaintiff "need not explicitly allege the existence of every element in a cause action if fair notice of the transaction is given and the complaint sets forth the material points necessary to sustain recovery." Menkowitz v. Pottstown Mem'l Med. Ctr., 154 F.3d 113, 124 (3d Cir. 1998).

The Postal Service asserts that Kent's allegations fail to establish a claim under the New Jersey Law against Discrimination, N.J.S.A. 10:5-1, et seq. The Postal Service also contends that Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act ("ADA"), 42 U.S.C. 1211, et. seq., 42 U.S.C. 1983, and the Rehabilitation Act of 1973, 29 U.S.C. 791 and 794, do not establish grounds on which Kent may proceed.

### A. New Jersey Law Against Discrimination ("NJLAD")

In his amendment, Kent asserts discrimination under NJLAD against the Postal Service. The Postal Service argues that in absence of waiver of sovereign immunity, Kent's action cannot be maintained as the Postal Service constitutes a branch of the federal government. It is well-settled law that "the United States, as sovereign, "is immune from suit save as it consents to be

sued ... and the terms of its consents ... cannot be implied but must be unequivocally expressed." United States v. Testan, 424 U.S. 392, 399 (1976). A diligent search did not reveal any decision in which the NJLAD was enforced against the federal government or any of its branches. Furthermore, Kent cites no authority to sustain his State cause of action against the Postal Service. Accordingly, Kent's claims under NJLAD must fail as a matter of law.

    B.    Title VII of the Civil Rights Act

In his cover sheet, Kent stated that his injury arose form employment discrimination and wrongful termination pursuant to 42 U.S. C. §1983. "In order to prevail in a 1983 action, plaintiff must establish ...that 'the conduct complained of was committed by a person acting under color of state law." Int'l Islamic Cmty of Masjid Baytulkhaliq, Inc. v. United States, 981 F. Supp. 352, 364 (D.V.I. 1997), aff'd, 176 F.3d 472 (3d Cir. 1999). The Complaint does not set forth any factual basis on which the Postal Service may be found acting under color of state law. "[R]elief under 42 U.S.C. 1983 is unavailable against federal defendants acting under color of federal law and not state law." Int'l Islamic Cmty, 981 F.Supp. at 364. Accordingly, the Complaint fails to adequately plead a cause of action based on Title VII of the Civil Rights Act.

    C.    The Americans with Disabilities Act (ADA) and the Rehabilitation Act

The Postal Service seeks also to dismiss Kent's cause of actions under the ADA and the Rehabilitation Act on the basis of lack of jurisdiction and insufficiency of the pleadings. In Sever v. Henderson, 381 F. Supp.2d 405 (M.D. Pa. 2005), the court stated that the elements of a claim under the Rehabilitation Act are essentially the same as those under the ADA. See Menguine v. Runyon, 114 F.3d 415, 420 n. 4 (3d Cir. 1997). Sever stated that, "[t]he Rehabilitation Act of 1973 is applicable only to federal employers, such as the Postal Service, and employers who receive federal funding." Sever, 381 F. Supp.2d at 413 n. 2 (citing Shiring v. Runyon, 90 F.3d 827, 830 (3d Cir. 1996)). At a minimum, the Complaint sets forth a jurisdictional basis for a cause of action arising under the Rehabilitation Act.

To establish a *prima facie* case for discrimination under the Rehabilitation Act, an employee must show: "(1) that he or she has a disability, (2) that he or she is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) that he or she was nonetheless terminated or otherwise prevented from performing the job." Donahue v. Consol. Rail Corp., 224 F.3d 226, 229 (3d Cir. 2000); see Mengine, 114 F.3d at 418; Shiring, 90 F.3d at 831.

Under the Rehabilitation Act, a disability is defined as "(i) physical or mental impairment that substantially limits one or more of the major life activities of such individual, a (ii) record of such impairment; or (iii) being regarded as having an impairment." Sever, 381 F. Supp.2d at 413. Kent need not allege an intent to discriminate and "may make a prima facie case for causation if he was denied a benefit for which he was qualified 'and was rejected under circumstances indicating discrimination on the basis of an impermissible factors.'" Menkowitz

v. Pottstown Mem'l Med. Ctr., 154 F.3d 113, 124 (3d Cir. 1998)(citation omitted).

Kent submitted a certification of disability with the Complaint. The Postal Service does not deny that the certification constitutes a record of Kent's disability. Kent need only present a claim that he is disabled, which is satisfactorily accomplished by attaching the certification to his Complaint. Any proofs regarding authenticity may be addressed in discovery. In accordance with Rule 12(b)(6), the documents should be regarded as true. As such, Kent appears to have satisfied provision (ii) of the definition of disability.

Kent maintains that, after sustaining injuries in a motor vehicle accident, he was ordered to report to his job while in pain. He was fired only 12 days after he sustained his injuries. In his Disability Certification, Dr. Hernandez restricted Kent from lifting objects exceeding 30 lbs. How this restriction may have interfered with Kent's duties is unknown. Discovery of his duties, limitations, and offered accommodations is required to determine whether the Rehabilitation Act mandates were met.

In Monkewitz, the court inferred discrimination because of the timing and circumstances of plaintiff's suspension. At this juncture and taking all of Kent's allegations as true, a cause of action based on discrimination under the Rehabilitation Act has been sufficiently pled.

## II. Kent's Cross-Motion to Amend

Rule 15(a) provides in relevant part that, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave to amend shall be freely given when justice so requires." Leave to amend may be denied for four reasons: 1) undue delay, 2) bad faith or dilatory motive, 3) undue prejudice, or 4) futility of amendment. Foman v. Davis, 371 U.S. 178, 182 (1962); Rolo v. City of Investing Co. Liquidating Trust, 155 F.3d 644, 654 (3d Cir. 1998).

An amendment will be considered futile if it "is frivolous or advances a claim that is legally insufficient on its face." Harrison Beverage Co. v. Dribeck Importers, Inc., 133 F.R.D. 463, 468 (D.N.J. 1990). Futility of a proposed amendment is analyzed using the motion to dismiss standard. Massarky v. General Motors Corp., 706 F.2d 111, 125 (3d Cir. 1983), cert. denied, 464 U.S. 937 (1983). Courts look at the proposed amended pleading for factual support of the claims advanced and all allegations made by a plaintiff are to be regarded as true. Kulwicki v. Dawson, 969 F.2d 1454, 1462 (3d Cir. 1992).

The Postal Service is correct that the Complaint does not set forth Kent's claims in a numbered paragraph format. However, the essence of Rule 8(a) is to provide the Postal Service with notice of the claims asserted by Kent.

Here, the Postal Service argues that Kent's claims should be dismissed without prejudice for failure satisfy Rule 8(a). In his proposed amendment, Kent states that he was forced to report

to work while in pain. Ventura Velez's letter states that on November 18, 2003, Kent was fired as a result of his failure to perform the duties of his position. While the reason for his failure to perform those duties is not expressly stated, in light of the liberal interpretation of the claims, it may be inferred that his inability to perform the duties of his employment was related to the injuries he sustained as a result of the November 6, 2003, accident. While Kent's claims against the Postal Service are not presented in the formal manner to which this Court is accustomed, these do adequately plead a cause of action based on disability discrimination.

## CONCLUSION

For the reasons set forth above, I recommend that the motion of the Postal Service to dismiss the Complaint be GRANTED as to all claims except the Rehabilitation Act;

It is further ordered that Kent's Cross-Motion to amend his Complaint is GRANTED.

Pursuant to Local Civil Rule 72.1(c)(2), the parties shall have ten (10) days from receipt of this Report, Recommendation and Order to file and serve objections thereto.


s/ Ronald J. Hedges
United States Magistrate Judge

cc: Hon. Jose L. Linares, U.S.D.J.