NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ALBERT S. KENT, | : | |
| | : | Civil Action No. 05-cv-1390(PGS) |
| Plaintiff, | : | |
| V. | : | OPINION |
| JOHN E. POTTER, Postmaster General, United States Postal Service, | : | |
| Defendants. | : | |

**SHERIDAN, U.S.D.J.**

Plaintiff, Albert S. Kent, Pro Se brought an action against the United States Postal Service (USPS) pursuant to the Rehabilitation Act 29 U.S.C. § 791 et seq., alleging that the USPS failed to accommodate his disability in violation of the Rehabilitation Act. The disability he suffers has yet to be specified.

Plaintiff previously initiated an action against the USPS on March 9, 2005. Thereafter, defendants filed a preliminary motion under Fed.R.Civ.P. 8 and 12(b)(6) for dismissal of plaintiff's complaint in its entirety. By Order dated January 31, 2006, the Hon. Jose L. Linares, adopted in toto a Report and Recommendation issued by the Hon. Ronald J. Hedges dismissing the complaint in its entirety except for a claim the court construed as a possible violation of the Rehabilitation Act. Plaintiff was granted leave to amend his complaint to state more clearly his Rehabilitation claim.

Plaintiff filed an amended complaint on February 6, 2006. This complaint was nearly identical to his previous complaint, with one exception, the failure to include a jury demand. He alleges that after his involvement in an automobile accident he was unable to perform his job without assistance. He further alleges that the USPS[1] in violation of the Rehabilitation act failed to accommodate his needs. He is requesting reinstatement, backpay and lost wages. Defendants now move for summary judgment or dismissal of the complaint in its entirety pursuant to Fed.R.Civ.P. R. 56 (c).  Plaintiff failed to submit any of the regular pleadings associated with a Fed.R.Civ.P. 56 (c) motion.[2]

I.

Prior to October 2003 plaintiff worked as a USPS Casual Employee and/or as a Part-Time Flexible City Carrier. (Decl. Leggett at 2.)  On October 18, 2003, plaintiff was hired as a probationary Part-Time Flexible City Carrier for the USPS Office in Rahway, New Jersey. (Decl. Leggett at 2) Plaintiff received approximately two weeks of on-the-job training. Plaintiff went out on his first delivery on or about November 4, 2003. (Decl. Leggett at 2.)

During this very short period of employment at the USPS Office of Rahway New Jersey, customer complaints were lodged against plaintiff.  Supervisors also observed and noted in his record instances in which plaintiff failed to perform the requirements of his position, i.e., late delivering mail, failure to deliver mail, misdelivered mail, and other issues.

---

[1] The named defendant in the complaint is John Potter, Postmaster General of the United States Post Office. As there is no specific allegation against him, the complaint is considered an action against the USPS.

[2] Plaintiff submitted letters and copies of medical testimony during discovery and its appears that these documents were also in support of his opposition to defendants' motion for summary judgment as no other information was provided by plaintiff.

On November 6, 2003, plaintiff notified his supervisors that he had been involved in a motor vehicle accident. Defendants contend that plaintiff stated that he was fine, while plaintiff appears to indicate that he was not able to return to work. The USPS records show that plaintiff continued to work following the accident. (Decl. Leggert at 8-10.)

Then on November 17, 2003, a supervisor observed plaintiff commit a safety violation. More specifically, plaintiff performed a K-Turn, without wearing a safety belt, and while failing to secure the mail by leaving the vehicle's doors open. As a result, plaintiff's employment at the Rahway USPS Office was terminated on November 18, 2003. Plaintiff now alleges that the motor vehicle accident in early November rendered him unable to perform the duties of his position without accommodation.

II.

Summary Judgment is appropriate under Fed.R.Civ.P. 56 (c) when the moving party demonstrates that there is no genuine issue of material fact and the evidence establishes the moving party's entitlement to judgment as a matter of law. *Celotex v. Corp., v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 2002 (1986). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence is to be believed and all justifiable inferences are to be drawn in his favor." *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004); quoting *Anderson*, 477 U.S. at 255.

"When the moving party has the burden of proof at trial, that party must show affirmatively the absence of a genuine issue of material fact: it must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." *In re Bressman*, 327 F.3d 229, 238 (3d Cir. 2003) *quoting United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1438 (11th Cir.1991). "[W]ith respect to an issue on which the nonmoving party bears the burden of proof" the burden on the moving party may be discharged by "showing – that is, pointing out to the District Court – that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325.

Once the moving party has satisfied its initial burden, the party opposing the motion must establish that a genuine issue as to a material fact exists. *Jersey Cent. Power & Light Co. v. Lacey Township*, 772 F.2d 1103, 1109 (3d Cir. 1985). The party opposing the motion for summary judgment cannot rest on mere allegations and instead must present actual evidence that creates a genuine issue as to a material fact for trial. *Anderson*, 477 U.S. at 248; *Siegel Transfer, Inc. v. Carrier Express, Inc.*, 54 F.3d 1125, 1130-31 (3d Cir. 1995). "[U]nsupported allegations . . . and pleadings are insufficient to repel summary judgment." *Schoch v. First Fid. Bancorporation*, 912 F.2d 654, 657 (3d Cir. 1990); see also Fed. R. Civ. P. 56(e) (requiring nonmoving party to "set forth specific facts showing that there is a genuine issue for trial"). "A nonmoving party has created a genuine issue of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial." *Gleason v. Norwest Mortg., Inc.*, 243 F.3d 130, 138 (3d Cir. 2001).

If the nonmoving party has failed "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, . . . there can be 'no genuine issue of material fact,' since a complete failure of proof concerning an

essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Katz v. Aetna Cas. & Sur. Co.*, 972 F.2d 53, 55 (3d Cir. 1992) (quoting *Celotex*, 477 U.S. at 322-23).

      For the plaintiff to establish a prima facie case of disability discrimination under a failure to accommodate and /or disparate impact theory, plaintiff must demonstrate by preponderance of the evidence that (1) he is a disabled person; (2) he is qualified for the position in question, with or without reasonable accommodation; and (3) he was subject to an adverse employment action as a result of discrimination. *Donahue v. Consolidated Rail Corp.*, 224 F.3d 226, 229-30 (3d Cir.2000); *Mengine v. Runyon*, 114 F.3d 415 (3d Cir. 1997). Further, plaintiff must show that a reasonable accommodation is possible. *Donahue*, 224 F.3d at 229. Under the Rehabilitation Act, a "disability" is a physical and/or mental impairment that substantially limits one or more major life activities. *Toyota Mfg., Ky., Inc. v. Williams*, 534 U.S. 184, 195 (2002); *Greb v. Potter*, 176 Fed. Appx. 260, 262 (3d Cir. 2006). To be substantially limiting, an impairment must "prevent or severely restrict the individual from doing activities that are of central importance to most people's daily lives." *Toyota*, 534 U.S. at 198. These activities include "caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1630.2(I). The standard for qualifying as a disabled individual is a demanding one. *Toyota*, 534 U.S. at 197.

      There is no showing of a disability of that severity here. The medical records from the Trinitas Hospital indicate plaintiff was treated after the car accident for "mild left shoulder and left side neck pain." (Clark Dec. Ex. G at 20 relating to 11/18/03 visit). Further, defendants' medical expert stated that his physical examination showed "no evidence of permanent deficit . . ." Plaintiff in support of his claim offers a letter from a Doctor Enrique Hernandez, dated November 11, 2003 stating that he was "injured in a MVA 11/6/2003. No lifting greater than 30 lbs. Avoid prolonged

standing." Plaintiff's non-permanent injuries do not rise to a level "which severely restricts [him] from doing activities that are of central importance to most people's daily lives." *See, Marinelli v. City of Erie*, 216 F.3d 354, 364 (3d Cir.2000) (holding plaintiff's inability to lift more than ten pounds did not constitute a substantial limitation on the major life activity of lifting); *Hawthorne v. Potter*, 2006 WL 231679 (D.N.J. Jan. 30, 2006) (letter carrier's back injury which limited her to lifting no more than 10 pounds was not substantial impairment of major life activity under the Rehabilitation Act). The medical records from the hospital do not indicate a serious injury. Taking the allegations in the light most favorable to plaintiff, there is no evidence of an injury that rises to meet the demanding burden set forth by the Rehabilitation Act. As a result, plaintiff cannot establish a prima facie case of discrimination under the Rehabilitation Act.

Assuming *arguendo*, that plaintiff had met the requirements for establishing a disability protected by the Rehabilitation Act, defendants contend that plaintiff has failed to establish discriminatory action on the part of the USPS.

The Supreme Court in *McDonnell-Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973) set forth the burdens of proof a defendant and plaintiff must meet to set forth and defend against a disability discrimination claim pursuant to the Rehabilitation Act. First, the plaintiff must establish a prima facie case of discrimination (as set forth on the previous page). Then, if those requirements are established by the plaintiff then the burden shifts to the defendant to articulate some legitimate nondiscriminatory reason for the challenged action. *Id*.at 802. Here, plaintiff was dismissed for poor performance. Once this reason is set forth, the plaintiff then bears the burden of establishing by a preponderance of the evidence that the explanation was not the true reason for the challenged action. *St. Mary's Honor Ctr. V. Hicks*, 509 U.S. 502, 511 (1993).

The alleged discriminatory action here would be plaintiff's termination by USPS. Defendants contend that the legitimate nondiscriminatory reason for the termination was a result of plaintiff's poor performance, not discrimination. They rely upon the reports of plaintiff's job performance, which demonstrate plaintiff's poor performance. Some examples, plaintiff's return to the office with undelivered mail with no request for assistance (November 4, 5, 10, 13, 14, 2003); customer complaints concerning delivery for plaintiff's mail route (November 7, 14, 2003); plaintiff left undelivered mail in truck overnight (November 18, 2003); and finally, the alleged illegal k-turn with the mail unsecured in the motor vehicle (November 17, 2003). Defendants further contend that plaintiff has failed to establish that the reason asserted for the termination, here plaintiff's performance, was not the true reason for the termination. The plaintiff has not presented any evidence that this is pretext. At oral argument, plaintiff merely reasserted the same claim as set forth in his complaint. That is, he became disabled after the November 6, 2003 motor vehicle incident and that he was terminated from the USPS because of his alleged disability. The documented poor work performance during the six or seven weeks of employment is uncontroverted.

Accordingly, the Complaint is dismissed with prejudice for failure to prove a disability as defined in the Rehabilitation Act, and for failure to show any discriminatory animus on the part of the USPS.


February 23, 2007                                     S/ *Peter G. Sheridan*
                                                      PETER G. SHERIDAN, U.S.D.J.